GEORGE T. NEWHALL, Respondent, *v.* WILLIAM H. APPLETON *et al.*, Appellants.

*Court of Appeals, April* 7, 1891.

Reversing 58 Supr. 585.

1. *Appeal. Evidence.*—Where it affirmatively appears from the opinion that incompetent evidence was relied on in deciding a material issue, its admission cannot be held to be a harmless error.

2. *Evidence. Opinions.*—Where there is a sharply litigated question of fact between the parties as to the terms of an oral agreement between them, the testimony of a witness as to his understanding of his rights under a contract of his own with the plaintiff claimed to be similar to the one in question, is incompetent.

3. *Same. Contract.*—Where, in an action upon a contract relating to the sale of a serial publication, the defendants claimed that the orders referred to meant orders given by persons accepting and paying for the whole or some part of the work subscribed for, and did not include those given by persons who refused to take and pay therefor in whole or in part, it is proper to permit the plaintiff to show that some of the subscriptions failed in consequence of defendants' delay to deliver.

Appeal from a judgment of the general term of the superior court of the city of New York, which affirmed a judgment entered on the report of a referee.

*William W. Badger*, for respondent.

*E. Winslow Paige*, for appellants.

FOLLETT, Ch. J.—D. Appleton & Co. were the publishers of Picturesque Europe, Picturesque America, Turner's Gallery, The American Cyclopedia and The Condensed Cyclopedia. The first two mentioned works were each issued in about sixty monthly parts, at fifty cents a number. Turner's Gallery was issued in about fifty monthly parts at the same price per number. The American Cyclopedia consisted of sixteen and The Condensed Cyclopedia of four volumes, the latter being sold bound at $7.50 per volume and in parts at fifty cents a number.

Between December 20, 1877, and May 20, 1878, the plaintiff was engaged under an oral contract with D. Appleton & Co. in procuring subscribers for these works in the states of Louisiana and Texas.

The plaintiff alleges that by the terms of the oral contract he is entitled to receive $15.00 for every order obtained for The American Cyclopedia, $6.00 for every order for a bound set of The Condensed Cyclopedia and $4.00 for every order for the other publications. The defendants contend that by the terms of their contract the plaintiff was entitled to receive $15.00 for every *bona fide* subscriber for The American Cyclopedia who should accept and pay for five volumes of that work, or $20.00 for each subscriber who should receive and pay for a whole set at one time, $6.00 an order for The Condensed Cyclopedia delivered in bound volumes, or $3.50 when delivered in parts, and $4.00 each for every *bona fide* order for any one of the serials when ten parts had been accepted and paid for. The defendants also contended before the referee and asked him to find that the words "order" and "subscription," as between publishers and canvassers, meant, when used as a basis of the latter's compensation, orders or subscriptions given by persons accepting and paying for the whole or some part of the work subscribed for, and did not include those given by

irresponsible persons who refused to take and pay for the whole or any part of it. The referee found that the plaintiff obtained the following orders :

| | |
|---|---|
| 18 for The American Cyclopedia, for which he was entitled to $15.00 each .................. | $270 00 |
| 6 for bound sets of The Condensed Cyclopedia, for which he was entitled to $6.00 each ......... | 36 00 |
| 515 for Turner's Gallery, Picturesque Europe and Picturesque America, for which he was entitled to $4.00 each ....................... | 2,060 00 |
| | 2,366 00 |
| The plaintiff has been paid ............. | 865 00 |

Due plaintiff, with interest from June 1, 1878 ... $1,501 00

While prosecuting the business the plaintiff employed one Holbrook as an assistant, under a contract expressed in the same words as the contract which the plaintiff claims to have made with the defendants. Holbrook was called as a witness in behalf of plaintiff and permitted to testify, over defendants' objection and exception, that he understood the language employed to entitle him to receive four dollars for every signature obtained by him to the serials above mentioned. By allowing this witness to declare his understanding of his rights under his contract with the plaintiff, he was permitted to testify to the legal effect of the one between the parties to this action, which was clearly incompetent. Whether the plaintiff's or the defendants' version of the contract was correct was a sharply litigated question of fact, upon the determination of which the learned referee rested his decision of the case, and in his opinion he referred to this evidence of Holbrook as corroborative of that of the plaintiff. When it affirmatively appears by the opinion that incompetent evidence was relied on in deciding a material issue, its admission cannot be held to be a harmless error. Woodgate v. Fleet, 44 N. Y. 1, 14, 20.

The referee did not err in permitting the plaintiff to prove that many of the subscribers failed to perform their contracts by reason of the defendants' delay in making deliveries. This evidence was not relevant upon the issue as to what the contract was, nor as to the meaning of the words " order " or " subscription," but had the referee taken the defendants' view of the contract or of the meaning of those words, it would have become competent to show that many of the subscriptions which the plaintiff obtained and forwarded to the defendants became worthless by their neglect to deliver the works as agreed with the subscribers.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.